1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKY LEE STEWART,

11          Plaintiff,                     No.  CIV S-11-2536 GGH P

12      vs.

13   SACRAMENTO COUNTY MAIN
     JAIL, et al.,
14          Defendants.                    ORDER

15   _____/

16          Plaintiff/petitioner (hereafter plaintff)  is a former state prisoner proceeding pro se

17   and in forma pauperis.  Plaintiff's original complaint was dismissed and plaintiff has filed an

18   amended complaint (a petition for habeas corpus, but seeking, in part, monetary damages).  This

19   case is before the undersigned pursuant to plaintiff's consent.  Doc. 4.

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   \\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff states he moved to New York, but failed to register as a sex offender, was returned to California and sentenced to 16 months in prison for failing to register.  Plaintiff seeks monetary damages and to be discharged from parole.  Plaintiff was previously informed that to

the extent he seeks monetary damages he must demonstrate that his conviction or sentence has

been invalidated, expunged or reversed.  To the extent that plaintiff seeks to be discharged from

parole, a claim which lies in habeas corpus, plaintiff has not exhausted his state remedies by

presenting his petition to the highest state court and receiving a decision.  Plaintiff has included a

writ he filed in state court, but simply filing a writ is insufficient.  Therefore, this

complaint/petition is dismissed as plaintiff is barred from obtaining damages until the conviction

or sentence is reversed.

Plaintiff is again informed that in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an

Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

and county officials violated his constitutional rights, he sought damages for improprieties in the

investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983

concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

been invalidated, expunged or reversed.  <u>Id</u>.

\\\\\

\\\\\

3

1          In accordance with the above, IT IS HEREBY ORDERED that this action is

2    dismissed for the reasons discussed above and this case is closed.

3    DATED: February 8, 2012

                         /s/ Gregory G. Hollows

4                            UNITED STATES MAGISTRATE JUDGE

5    GGH: AB

     stew2536.b2

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26